THE STATE OF FLORIDA on the relation of H. J. REDAVATS, Chairman, A. T. BROWN, J. G. RAWLS, W. P. BELOTE and J. F. HAMMOND; being members of and together constituting the Board of County Commissioners in and for Duval County, Florida, *Relators*, v. FRANK BROWN, as Clerk of the Circuit Court in and for Duval County, Florida, *Respondent*.

En Banc.

Opinion filed July 31, 1930.

Petition for Rehearing Denied September 3, 1930.

*McCollum & Howell, J. C. Durrance* and *P. Guy Crews*, Attorneys for Relators;

*Cockrell & Cockrell*, Attorneys for Respondent.

PER CURIAM.—In this case alternative writ of mandamus was issued directed to Frank Brown as Clerk of the Circuit Court of Duval County.

Allegations of the alternative writ which are material to be considered at this time as follows:

"7. The relators further show that in and during the period and term beginning January 8th, 1929, and ending December 31st, 1929, the said Frank Brown, as Clerk of the Circuit Court in and for Duval County, Florida, in addition to all other fees, commissions, and/or salary allowed him by law, has received, as compensation as Clerk of the Board of County Commissioners of Duval County, Florida, the sum of Three Hundred ($300.00) Dollars per month; and that during said period beginning January 8th, 1929, and ending December 31st, 1929, the said respondent after deducting from the income from his said office all reasonable expenditure for the salaries of Clerks and Assistants and the necessary expenditures for the proper operation of said office, has received and retained as his yearly compensation for his official services from the fees, salary and commissions collected by him as such official the maximum net income provided and allowed by said Chapter 11,954 and 11,904 Laws of Florida, and has likewise received and retained, during said period, in addition to such maximum net income, the aforesaid compensation of Three Hundred ($300.00) Dollars per month as Clerk of the said Board of County Commissioners; and that said money so received as said Clerk of the said Board of County Commissioners, and retained by the respondent has been and is unlawfully retained by the respondent, and that he has not rendered to the Board of County Commissioners of Duval County, Florida, any statement of said money so received by him as aforesaid, or any portion thereof, and that he has not paid said money or any portion thereof into the aforesaid special fund of said County of Duval.

The relators show that under date of January 10, 1930, the respondent has rendered to the Board of County Commissioners of Duval County, Florida, a statement purporting to show expenses of his said office, the fees and commissions collected and the gross and net income thereof, but th at in such statement the respondent has not included as a part of the gross income of said office, or otherwise, said money so received by him as aforesaid as Clerk of the said Board of County Commissioners.''

''8. The relators show that the said Frank Brown, as Clerk of the Circuit Court of Duval County, Florida, by reason of having received the aforesaid money as Clerk of the Board of County Commissioners of Duval County, Florida, as aforesaid, and after so deducting from the income from his said office all reasonable expenditures for the proper operation of said office as aforesaid, has, for the year A. D. 1929, and in addition to all other fees, commissions and/or salary allowed him by law, received and retained the said total sum of Three Thousand, Six Hundred ($3,600.00) Dollars, all of which total sum it was and is the duty of the respondent to pay into the aforesaid special fund of Duval County, Florida.''

''10. The relators further inform the Court that the said total amount so due, owing and payable by the respondent is fixed, ascertained and liquidated, and under the laws hereinabove set forth the hereinabove alleged duty of the said Frank Brown, as Clerk of the Circuit Court in and for Duval County, Florida, and as a County Official of said County, to render to the Board of County Commissioners of Duval County, Florida, a sworn statement showing the receipt of said sum of Three Thousand, Six Hundred ($3,600.00)

Dollars as a part of the gross income of his said office, and to pay said money to Duval County, Florida, was, and is, a continuing duty until the same has been fully performed and complied with.''

The command of the writ was, as follows:

''NOW THEREFORE, we being willing that full and speedy justice be done in the premises, do command you Frank Brown, as Clerk of the Circuit Court in and for Duval County, Florida, to forthwith render to the Board of County Commissioners of Duval County, Florida, a sworn statement showing the expenses of said office, the fees and commissions collected and the gross and net income thereof, and to include in such statement the aforesaid sum of Three Thousand, Six Hundred ($3,600.00) Dollars paid to and received by the respondent as Clerk of the Board of County Commissioners of Duval County, Florida, and to thereupon forthwith pay to Duval County, Florida, said sum of Three Thousand, Six Hundred ($3,600.00) Dollars, or that you appear before the Justices of our Supreme Court at Tallahassee, Florida, on the 1st day of July, A. D. 1930 at 10:00 o'clock A. M. of that day, and show cause why you refuse so to do and have you then and there this Writ.''

A motion was made to dismiss the alternative writ. The motion was denied because motion is not the proper procedure to attack the sufficiency of an alternative writ of mandamus. The case is now before us on motion for peremptory writ and the procedure is for the Court to either grant the peremptory writ or quash the alternative writ.

The allegations of the alternative writ show upon the face thereof that the relators have a clear, adequate and

complete remedy at law by way of suit at common law against the relator and the sureties on his official bond, if it be that the respondent is indebted to the relators as is in the alternative writ alleged, and for this reason the alternative writ should be quashed.

It is so ordered.

WHITFIELD, ELLIS, STRUM, BROWN and BUFORD, J. J., concur.

TERRELL, C. J., not participating.

BROWN, J., concurring.

The statutes refer to rendering a statement of "fees and commissions" collected by the named county officers; nothing is said about reporting *salaries.*