DOYLE E. CARLTON, Governor, for the use of Duval County,
v. FIDELITY & DEPOSIT CO. OF MARYLAND.

151 So. 291.
Opinion Filed Nov. 28, 1933.
Opinion on Petition for Modification of Opinion Filed
Jan. 5, 1934.

*J. C. Durrance* and *Charles C. Howell,* for Plaintiff in Error;

*Cockrell & Cockrell,* for Defendant in Error.

Love, Circuit Judge.—This was an action at law by Doyle E. Carlton, as Governor of the State of Florida, for the use of Duval County, against the Fidelity & Deposit Company of Maryland, upon an official bond given by Frank Brown, as Clerk of the Circuit Court for Duval County, with Defendant in Error as surety, to recover moneys paid to, received and retained by him as such Clerk of the Circuit Court and as Clerk of the Board of County Commissioners of Duval County, in the year 1929, he having received and retained, as it is alleged, the statutory maximum compensation fixed and prescribed for him as Clerk of the Circuit Court, from the fees and commissions collected by him as such official.

The amended declaration contained four counts, the first two of which proceeded upon the theory that Chap. 11904, Acts of 1927, was the applicable statute, the first count alleging, in substance, that in 1929, said Brown, after paying the proper expenses of his office received and retained in addition to the maximum compensation of $8,000.00 prescribed and allowed him as "Clerk of the Circuit Court," the further sum of $4,886.29.

The second count was based upon the same legal theory as the first, its distinguishing feature being the allegation that the moneys received by Brown, were paid to and received by him as "Clerk of the Circuit Court and of the Board of County Commissioners."

The third and fourth counts were based upon Chapter 11954, Acts of 1927 (Secs. 2865-2869 Comp. Gen. Laws), and that under the provisions of said Act, Brown's maximum compensation for the year 1929 was $7,500.00 and that he had received and retained in addition to that amount the sum of $5,386.29. These counts, like the first and second, respectively treat Brown as "Clerk of the Circuit

Court" and as "Clerk of the Circuit Court and Clerk of the Board of County Commissioners."

To this declaration several pleas were filed, only two of which, the first and the fifth, survived attacks by demurrer. This fifth plea alleged in substance that the only moneys retained by Brown out of those collected and received by him, and not paid over to Duval County, in addition to his "statutory maximum compensation," was the sum of $3,600.00, which sum had been paid to him in monthly installments of $300.00 each "for his official services as Clerk of the Board of County Commissioners and not for his services or acts as Clerk of the Circuit Court."

Demurrer to this plea was overruled and plaintiff replied that the $3,600.00 was paid to Brown as compensation for services rendered by him as Clerk of the Circuit Court "in his capacity as Clerk of the Board of County Commissioners"; that Brown was a county official whose compensation was paid partly by fees and commissions; and also that he was county official whose compensation was paid in part by fees, salary and commissions. Demurrer to these replications was sustained, and upon the issue made principally by the fifth plea, the case was heard by the Court upon an agreed statement of facts and judgment rendered for the defendant.

The assignment of errors raise only two main questions for determination, the first of which is: Must the salary received by the Clerk of the Circuit Court, acting as Clerk of the Board of County Commissioners be included in and considered as a part of the income of the office of the Clerk of the Circuit Court, from which his statutory compensation is to be deducted and the remainder paid to the county under either Chapter 1195, Acts of 1927 (Secs. 2865-2869,

Compiled General Laws), or under Chap. 11904, Acts of 1927 (Secs. 2874-2878, Comp. Gen. Laws).

The pertinent part of Sec. 1, Chap. 11954, Acts of 1927, here to be considered, provides:

"That each county official whose compensation for his official duties is paid wholly or partly by fees or commissions, or fees and commissions, shall receive as his yearly compensation for his official services from the whole or part of the fees or commissions so collected, the following sum only: * * *. Provided, that no such official shall under the foregoing computation of remuneration receive from the income so collected by him more than Seven Thousand Five Hundred ($7,500.00) Dollars per year."

Sec. 1 of Chapter 11904, Acts of 1927, provides:

"That the Clerk of the Circuit Court, Sheriff, Tax Collector, Tax Assessor and County Judge, in all counties of the State of Florida, having a population of not less than 145,000 and not more than 155,000, according to the last State Census, now paid in whole or in part by fees, salary or commission, or by one or more of said methods of payment, shall receive as his yearly compensation for his official services from the whole or a part of the fees or commissions so collected, the following sum only: All the net income from such office not to exceed Eight Thousand Dollars ($8,000.00)."

The other provisions of these Acts are identical, with the exception that Sec. 4 of Chapter 11954 is not included in Chapter 11904.

The first question for determination, as above stated, was definitely decided and settled in the affirmative by this Court in the case of Orange County v. Robinson, decided July 13, 1933, as reported in 149 So. 604, Advance Sheets, contrary to the ruling of the lower court in the instant case.

No sufficient reason has been advanced in the present case, by argument, authority or otherwise to warrant any departure from or change in the principles determined in the cited case, which is here controlling and determinative.

The second question here raised is as to the maximum amount of compensation to be allowed an official, as Clerk of the Circuit Court whether determined by Chapter 11954 or Chapter 11904, both Acts of 1927.

It appears from the record, that in the determination of this case, the lower court held Chapter 11904 to be applicable and controlling and thereon based its findings and judgment as to the maximum amount the Clerk of the Circuit Court was entitled to retain. But the Plaintiff in error contends that this statute is inapplicable and invalid, basing such contention upon decisions of this Court as found and stated in the case of Jordan v. State, 100 Fla. 494, 129 So. 747; Stripling v. Thomas, 101 Fla. 1015, 132 So. 824, and Anderson v. Board of Public Instruction for Hillsborough County, 136 So. 334, 102 Fla. 695.

In disposing of this case, the trial court held Chapter 11904 to be the applicable statute and thereon based its findings and judgment as to the amount of compensation the Clerk of the Circuit Court was entitled to receive. Plaintiff in error now contends that this statute is inapplicable as being invalid and thus is placed in the inconsistent position of relying in the trial court upon a statute upon which in the first and second counts of the declaration is based the grounds for recovery, and now, in this Court assailing the same statute. Plaintiff in Error cannot be heard to complain of, or repudiate a statute voluntarily invoked and upon which he sues, as he cannot both assail and rely upon it in the same proceedings. Peo. v. Rodgers Co., 277 Ill. 151, 115 N. E. 146; Hurley v. Commission of Fisheries

of Va., 257 U. S. 223, 66 L. Ed. 206; 4 C. J. App. & Err. Sec. 2608.

For the error pointed out in overruling the demurrer to defendant's fifth plea, this case must be reversed and a new trial granted. It is so ordered.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

DAVIS, C. J., disqualified.

BROWN, J. (concurring).—My views on the basic question in this case are quite clearly indicated by my special concurring opinion in State *ex rel.* Redavats v. Brown, 100 Fla. 409, 129 So. 782, and in my dissenting opinion in Orange County v. Robinson, 149 So. 604, but the law on this question was settled by the opinion and decision in the last named case adversely to the views expressed by me in my dissenting opinion, and Judge LOVE in preparing the above opinion for the Court is of course justified in following the decision of the Court in that case. While I have not changed my personal views, I deem the question settled by the decision in the case referred to, and therefore concur in the foregoing opinion.

### PETITION FOR MODIFICATION OF OPINION.

PER CURIAM.—This case, after opinion and judgment filed November 28, 1933, is now before us on motion for modification of the opinion. The motion having been duly considered, it appears to the Court that all questions presented by the record have been definitely settled by this Court in the opinion filed herein and in the opinion and judgment in the case of Orange County v. Robinson, decided July 13, 1933, and reported 149 Sou. 604, and cited in this case, and that, therefore, no good purpose could be served by reiterating what was said in that case.

We are asked by the motion for modification to determine whether the provisions of Chapter 11904, Acts of 1927, or

of Chapter 11954, Acts of 1927, constituted the controlling statute. The plaintiff in the court below in separate counts of his amended declaration based his right to recovery in some counts on one section of the statute and in some counts on the other. This constituted an admission in the pleadings by the plaintiff that both Acts were valid, the only difference being, as we see it, that if it were found that Duval County during the period involved had a population of not less than 145,000 and not more than 155,000 then the provisions of Chapter 11904 would apply; whereas, if it did not have that population the provisions of Chapter 11954 would apply. It does not appear that the validity of Chapter 11904 was challenged and determined by the lower court and, therefore, we do not assume to determine the validity or invalidity of that Act at this time.

Therefore, the petition for modification is denied.

So ordered.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.
ELLIS and TERRELL, J. J., concur in opinion and order.
DAVIS, C. J., disqualified.