CITY OF MARIANNA v. JOE RUSS, JR., et ux., and FIRST NATIONAL BANK OF MARIANNA.

154 So. 317.

Division B.

Opinion Filed April 27, 1934.

*Carter & Pierce,* for Appellant;

*John H. Carter* and *John H. Carter, Jr.,* for Appellees.

BUFORD, J.—The appeal in this case is from a final decree in a suit to foreclose municipal tax liens under the provisions of Chapter 14209, Acts of 1929.

Prior to the passage of that Act the matters therein affected were controlled by Chapter 9829, Acts of 1923, which was the Charter Act of the City of Marianna. Under that Act taxes become due on November 1st and delinquent on April 1st. The Charter Act provided for collection of delinquent taxes by sale and issuance of tax certificates. It provided that all tax sale certificates should bear interest

at 25% per cent. per annum from the date of the certificate for the first year and 10% per annum thereafter.

The Charter further provided that "when land is bid off for the city and is not redeemed nor the certificate sold and transferred by the city, title to said land shall at the expiration of time for redemption vest in the city automatically without the issuance of a deed."

The certificates involved in this suit were certain paving certificates including certificates for paving on a certain street called Wynn Street and there was also sought to be foreclosed certain tax liens accruing by reason of the non-payment of *ad valorem* taxes assessed during the years 1926, 1927, 1928, 1929 and 1930, on the same lots of land to which the paving certificates applied. It was also sought to foreclose an alleged lien on the same lots alleged to have been created thereon for the amount of delinquent personal property tax under the provisions of Section 5 of Chapter 14209, *supra,* which taxes had been assessed against the owner of the lots for the years 1926 to 1930, both inclusive.

The owner defendants, Russ and wife, suffered decrees *pro confesso* to be entered against them. First National Bank was made defendant because of being the holder of a mortgage made by the owners to secure an indebtedness of $1,000.00 dated October 31st, 1925, and recorded November 3rd, 1925, on which there was a balance due of $755.00 with interest at 10% from May 2nd, 1932. The Bank answered denying that the taxes levied upon personal property constituted a lien on the land; that the tax certificates bore interest and alleging that if taxes on personal property constituted a lien on the owner's real estate that such lien was inferior to and subordinate to the .Bank's mortgage lien as to all assessments made prior to the year 1930.

On final hearing final decree was entered, in part as follows:

"It Is Hereby Ordered, Adjudged and Decreed:

"1. That the said decree *pro confesso* be, and is, hereby confirmed, and that the equities of this cause are with the plaintiff, except as hereinafter provided.

"2. That plaintiff is entitled to recover on the taxes involved in this suit delinquent prior to the time Chapter 14209, Acts of Florida, 1929, became a law, to-wit, June 7, 1929, such interest only as has accrued from and after said date, and said Act insofar as it provides that such taxes shall draw interest prior to said date is invalid and void.

"3. And the plaintiff having offered in evidence before the Court the original Street Paving Certificate Number 504, of which Exhibit 'A' attached to the bill of complaint is a copy, the Court finds upon inspection thereof that there is due the plaintiff on said Street Paving Certificate, the sum of Five Hundred Eighty-two and 38/100 Dollars for principal and interest, and the further sum of Fifty-three and 23/100 Dollars for attorney's fees, which fees are adjudged to be reasonable upon proof submitted to the Court.

"4. And the plaintiff having produced in evidence before the Court the certified copies of tax assessments against the real estate hereinafter described of the defendant, Joe Russ, Jr., for the years 1925, 1926, 1927, 1928, 1929 and 1930, the Court finds that there is due the plaintiff on said tax assessments for the following years, the following sums for principal, interest and attorney's fees, respectively, to-wit: 1925, $43.72/100 principal and interest, $4.37/100 attorney's fees; 1926, $72.50/100 principal and interest, $7.25/00 attorney's fees; 1927, $25.52/100 principal and interest, $2.55/100 attorney's fees; 1928, $34.80/100 principal and interest, $3.48/100 attorney's fees; 1929,

$30.62/100 principal and interest, $3.06/100 attorney's fees; 1930, $28.38/100 principal and interest, $2.83/100 attorney's fees. That said attorney's fees are adjudged to be reasonable upon proof submitted to the Court.

"And the plaintiff having produced in evidence before the Court the certified copies of tax assessments against the personal property of the defendant, Joe Russ, Jr., for the years 1926, 1927, 1928 and 1929, the Court finds that there is due the plaintiff on said tax assessments for the following years, the following sums for principal, interest and attorneys' fees, respectively, to-wit:

"1926, $31.69/100 principal and interest, $3.16/100 attorney's fees; 1927, $11.16/100 principal and interest, $1.11/100 attorney's fees; 1928, $15.22/100 principal and interest, $1.52/100 attorney's fees; 1929, $13.40/100 principal and interest, $1.34/100 attorney's fees; 1930, $7.05/100 principal and interest, $0.70/100 attorney's fees.

"That said attorneys' fees are adjudged to be reasonable upon proof submitted to the Court.

"6. That the interest of the defendant, First National Bank of Marianna, a Corporation, in and to the real estate hereinafter described is subordinate and inferior to the lien of the amounts hereinabove adjudged to be due plaintiff for principal, interest and attorneys' fees on said Paving Certificate and said real estate taxes; that plaintiff has a lien upon the real estate hereinafter described for the amounts hereinabove found to be due for principal, interest and attorneys' fees on the personal property taxes assessed against the defendant, Joe Russ, Jr., but that such lien is subordinate and inferior to the mortgage lien of defendant, First National Bank of Marianna upon said real estate; that the defendants do pay unto plaintiff, or its Solicitors of Record within five days from this day, the several amounts herein-

above adjudged to be due, together with the costs of this suit, and in default of the payment of the several amounts upon said real estate taxes that the defendants and all persons claiming by, through or under them, and in default of the payment of the several amounts due upon said personal property tax assessments, that the defendants, Joe Russ, Jr., and Annie Russ, and all persons claiming by, through or under them, be forever barred and foreclosed of all right and equity of redemption, in and to the property described in said certified copies of said real estate tax assessments lying and being in Marianna, Jackson County, Florida, to-wit: One Lot 70 feet North and South by 160 feet East and West lying 70 feet South of Northwest Corner of Lot 13, Pittman Addition Town of Marianna; and in default of the payment of said sums adjudged to be due upon said Paving Certificate that the defendants and all persons claiming by, through or under them be forever barred and foreclosed of all right and equity of redemption in and to the property described in said Paving Certificate lying and being in Marianna, Jackson County, Florida, to-wit: A lot fronting 70 feet on the East side of Wynn Street running 265 feet North of Clinton Street and running back at uniform width 150 feet, more or less, and that said property be sold, at public outcry, by one of the Special Masters of this Court hereinafter appointed upon some legal sales day and out of the proceeds of such sale said Special Master is directed to pay: first, the costs of this suit to be hereinafter taxed, second, the amounts hereinabove ascertained to be due on said tax assessments for principal, interest and attorneys' fees, and third, the amounts hereinabove ascertained to be due upon said Paving Certificate for principal, interest and attorneys' fees, and fourth, the surplus, if any, to be deposited in the Registry of this Court to await its further orders."

From this decree complainant appealed.

Appellant presents two questions, which are:

"Is that part of Section 1 of Chapter 14209, Special Act of the Legislature of 1929, valid, insofar as it imposes interest on delinquent and unpaid taxes due the City of Marianna for the years 1924 to 1927, inclusive, from the due date of such taxes to the time such Act became a law; and in a suit to foreclose taxes for any of said years is the City entitled to recover interest on such taxes under said Act from the due date to the time such Act became a law, as well as interest from the time such Act became a law?"

"2. Under Chapter 14209, Special Act of the Legislature of 1929, is the City's lien for personal property taxes for the years 1926 to 1930, inclusive, against the owner's real estate, superior to a mortgage lien against such real estate given in the year 1925?"

The first question we shall answer in the affirmative.

Insofar as Chapter 14209, *supra,* provides for interest at the rate of 10% per annum on the amount of the taxes and costs from the date of the tax sale it does not place any additional burden on the land owner or upon the redemption of the certificate. The Act under which the tax sales were made provides as hereinabove stated, that the certificate shall bear interest at the rate of 25% per annum for the first year and 10% per annum thereafter and provided that title should vest in the municipality from and after the expiration of the period of redemption. Chapter 14209, *supra,* waived, in effect, the vesting of title without the formality of foreclosure and provided for the foreclosure of the tax liens by the municipality to enforce the payment of the taxes, interest and costs, and gave to the property owner the right to redeem prior to the execution of a decree of foreclosure. The property owner was by this process required to pay 15% less interest for the

first year than he was required to pay under the original statute. The Act provided for no new interest, but simply retained the interest charge of 10% per annum instead of 25% for the first year and 10% for each year thereafter.

We, therefore, hold that the Act was valid in this respect. See Cooley on Taxation, 4th Ed. Section 525; 61 C. J. 1516; League v. Texas, 184 U. S. 156, 22 Sup. Ct. Rep. 475; Bankers Trust Co. v. Blodgett, 260 U. S. 647, 43 Sup. Ct. Rep. 233.

In City of Orlando v. Giles, *et al.,* 51 Fla. 422, 40 Sou. 834, this Court said:

"The defense set up in the answer that the certificates of sale attached to the bill are not liens on the property of the defendant, Nannie B. Giles, and that if the City acquired any rights under them, the same had merged into a title on the 7th of July, 1904, and prior thereto, and that the City should not be allowed to foreclose said certificates, we think is untenable insofar as these certificates represent the amount of the taxes assessed. We do not think that the appellees are liable for any costs incurred in connection with the making of said sales, for reasons which have been given. But upon questions of the legality of a change in the method of collecting delinquent taxes and of imposing the costs of collection, including solicitors' fees, and of the right of the city to waive the rights given by the sale, the case of League v. Texas, 184 U. S. Sup. Ct. Rep. 156, is squarely in point. It was there held that all these things might be done by statute, without invading any constitutional right of the owner of the land subject to taxation. In fact, the statute favors the land owner by giving him further time to pay the taxes, and having been accepted by the city, as this suit shows whatever rights it had under the sales, have been waived."

The second question we shall answer in the negative insofar as the provisions of Section 5 of the Act attempt to apply to assessments of taxes on personal property prior to the year 1930. Prior to the enactment of Chapter 14209, *supra,* real property was not burdened with a lien for municipal taxes assessed upon the personal property of the owner of such land. The land could not be burdened with the personal property assessment as against encumbrances until there was statutory authority for the charging of the personal property tax against the real estate. There must be authority for the charge to be made against the real estate before a lien upon real estate to satisfy the charge as against sales and encumbrances can come into existence. To hold otherwise would be to establish a precedent which would necessarily lead to confusion as to title and would abrogate property rights. If the Legislature could, at any session, enact a statute which would retroactively place the burden of personal property tax against the lands belonging to the owner of such personal property for any number of years past, and thereby fix a lien superior to prior existing ones, one could never know when his title would be clouded by a lien for personal property tax which had accrued against some other owner in some other year of the past. And a mortgagee would never know that the Legislature might not, at its next session, so burden the property pledged in his mortgage by the creation of a lien for delinquent taxes on other property as to destroy the value of his security.

Section 3 of Chapter 14209, *supra,* is as follows:

"That any and all taxes hereafter becoming due to said the City of Marianna, Florida, for any year subsequent to the year 1927, shall be and constitute a specific lien or liens against the property upon which said taxes have been levied and assessed, which lien or liens shall be superior to all

others and shall relate back to the first day of January of the year for which they are assessed and levied for the full amount of such taxes with interest thereon at the rate of 10% per annum from date that said tax becomes delinquent, which said taxes may be collected and enforced, and the lien thereof foreclosed in accordance with and under the provisions of this Act. Any proceedings brought to enforce said liens shall not be barred by any Statute of Limitation and the said liens shall not be divested by any State and County tax sale nor by any deed based on such tax sale."

Section 5 of the Act is as follows:

"That for the purpose of this Act, taxes on personal property, in addition to being a lien upon such personal property, shall be and constitute a lien upon the real estate of such owner of said personal property, and such lien may be enforced out of and against such real estate in accordance with and under the provisions of this Act; and likewise, the taxes on real estate, in addition to so being a lien upon such real estate, shall be and constitute a lien upon the personal property of the owner of such real estate, which said lien may be enforced out of and against said personal property in accordance with and under the provisions of this Act."

Now it will be observed that in Section 3 it is provided, "which lien or liens shall be superior to all others and shall relate back to the first day of January of the year for which they are assessed and levied for the full amount of such taxes with interest thereon at the rate of 10 per cent. per annum from date that said tax becomes delinquent." This provision referred to the lien against property for the taxes assessed against such property. While Section 5 provides that "for the purpose of this Act taxes on personal property in addition to being a lien upon such personal property

shall be and constitute a lien upon the real estate of such owner of said personal property." But, there is no attempted legislative pronouncement that such lien on real estate for the tax on personal property shall be superior to all other liens.

In State, Macknet, prosecutor, v. Newark, 42 N. J. Law, page 38, the Court said:

"Without conceding that the Legislature has power to make a tax on the personal property of a land owner a lien on his real estate, paramount to the encumbrance of a mortgage executed before the passage of such a law, an intention to give such a tax priority in any case should not be imputed to the lawmaker, in the absence of unmistakable language to that effect, while the law, where it is clearly written, must be enforced according to its letter, however harsh and impolitic it may appear to the judicial mind; in cases of real doubt and ambiguity, the consequences of a particular interpretation may be justly regarded.

"To declare that a mortgage on land shall be subsequent and subject to all after taxes assessed upon the personal estate of the owner of the equity of redemption, differs but slightly from taking the property of one citizen to pay the debt of another. The injustice of such a proceeding would be so striking as to cast a doubt upon the correctness of the interpretation which established such a rule. A fair construction of the seventy-seventh section of the charter before cited will not lead to that result."

To the same effect was Advance Thrasher Co. v. Beck, 21 N. Dak. 55, 128 N. W. 315; Minneapolis Thrashing Machine Co. v. Roberts County, 34 S. Dak. 498, 149 N. W. 163; Bibbins v. Clark, 90 Iowa 234, 57 N. W. 884, and 59 N. W. 290, 29 L. R. A. 278. In the case last cited the Court overruled the former enunciation of that Court in New England Loan & Trust Co. v. Young, 81 Iowa 732,

39 N. W. 116, in which case Mr. Justice GRANGER filed a strong dissenting opinion expressing the views which were later adopted by the Court in the Bibbins v. Clark case. See also Scandinavian American Bank v. King Co., 62 Wash. 650, 159 Pac. 786; Lobban v. State, 9 Wyoming 377, 64 Pac. 82; Scottish American Mortgage Co. v. Minidoka Co., 47 Idaho 33, 272 Pac. 498, 64 A. L. R. 663.

For the reasons stated, the decree should be reversed insofar as it was in favor of the defendant as to interest on taxes levied and assessed against the real estate, but in all other matters should be affirmed.

The costs of this appeal shall be taxed in equal proportions against the appellant and the appellee.

The cause should be remanded with directions that the decree be modified to conform to the enunciations expressed in this opinion.

It is so ordered.

Affirmed in part; reversed in part, and remanded for modification of decree.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.