THOMAS, Justice.
The appellee filed a complaint in the circuit court against the appellant. A summons was issued by the clerk and later returned showing that it had been exhibited to the defendant, and that a copy of it together with a true copy of the complaint had been delivered to him. The defendant ignored this notice that he was being sued and subsequently a default and final judgment were entered against him. We are advised of no irregularity in the proceedings and certainly none appears on the face of the record. The present attack is made on the ground that the summons executed by a deputy constable in the name of the constable of the district could have had no validity because the act creating the office of deputy constable was not properly enacted. In other words, the appellant claims that the court acquired no jurisdiction to enter a judgment based on service made by the holder of an office created by Chapter 24,270, Laws of Florida, Acts of 1947, which provided for the appointment of deputy constables in any county having a population of not less than 112,400 and not more than 125,000.
If we were to accept, the question the appellant has chosen, we would be limited *54 in our answer to saying whether there was such an unreasonable relationship between the populations stated and the object of the legislation as to render the act violative of section 20, Article III of the constitution, F.S.A.
Reluctant as we are always to condemn acts of the legislature, we must first see whether we are faced with the task of testing the validity of the act in order to dispose of this controversy. Nowhere in this record does it appear that the defendant paid the slightest, attention to the suit from the.day he received the copies of the summons and complaint to the day he filed his notice of appeal. Doubtless he was fully informed of the claim against him, but he did not bother to appea.r specially to contest the service, or when it dawned on him that, a default and final judgment had been rendered, to attempt to set them aside. Never during the progress of the suit was the circuit judge given any opportunity to pass on the matters now presented in the appeal from his judgment.
We do not think the appellant is in a position to ask us. to undo all that was adjudicated in the trial court, on the theory that the one who gave him the information, the deputy constable, was not a legally constituted officer, qualified to serve the summons.
The appellant does not contend, and could not, that he did not know he was a defendant against whom a judgment was sought. We cannot comprehend how one in his situation could completely disregard such intelligence, make no representation to the trial court of any advantage taken of him, wait until the action culminated in a judgment, then expect this court initially to decide that the orders of the trial judge should be vitiated because the title to the office of the person serving the papers was in doubt.
Such a ruling would not take into account the true purpose of a summons.
The appellant could not indulge in such dilatoriness, make an oblique attack, for the first time in this court, on the officer’s authority, and thus obligate us to consider, discuss and decide the constitutionality of an act of the legislature.
Our decision is that the judgment should be affirmed without exploring the validity of the act in question!
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ„ concur.