194 So.2d 260 (1966)
FLORIDA EAST COAST RAILWAY COMPANY, a Florida Corporation, Petitioner,
v.
Ruby ROUSE, Respondent.
No. 34815.
Supreme Court of Florida.
June 29, 1966.
On Rehearing January 9, 1967.
Rehearing Denied February 14, 1967.
*261 Bolles, Goodwin & Ryskamp, Miami, for petitioner.
Nichols, Gaither, Beckham, Colson & Spence, and Horton & Schwartz, Miami, for respondent.
PER CURIAM.
After careful examination of the record and briefs in this case in the light of the argument of counsel, we conclude that no such conflict has been demonstrated as justifies the exercise of jurisdiction by this court.
The petition for certiorari is, therefore, denied.
THOMAS, DREW, CALDWELL and ERVIN, JJ., concur.
THORNAL, C.J., and ROBERTS and O'CONNELL, JJ., dissent.

ON PETITION FOR REHEARING GRANTED
CALDWELL, Justice.
Showing conflict jurisdiction, the petitioner for writ of certiorari seeks review of the decision of the District Court of Appeal, Third District, reported at 178 So.2d 882, affirming a jury verdict and judgment of Sixteen thousand three hundred thirty three dollars ($16,333.00) for respondent Ruby Rouse, plaintiff in the trial court, against the petitioner-defendant, Florida East Coast Railway Company. The respondent, while walking on the railway tracks, was injured by petitioner's train.
At the trial both parties requested instructions under the railroad comparative negligence statute[1] and the instruction requested by petitioner was given. On appeal, the petitioner assigned as error the trial court's refusal to grant its motion for directed verdict.
After entry of final judgment for the plaintiff, but prior to the date set for argument on appeal in the District Court, this Court rendered its decision in Georgia Southern and Florida Railway Company v. Seven-Up Bottling Company, 175 So.2d 39, holding Florida Statute § 768.06, F.S.A., the railroad comparative negligence statute, unconstitutional. In other words, the cause sub judice was tried under the law of Florida as it was prior to the decision last above cited and the appeal in the District Court was considered after that decision was rendered.
The District Court of Appeal held the instruction on comparative negligence, given pursuant to the pertinent statute (subsequently held invalid) did not constitute fundamental error which could be raised for the first time on appeal.
Although not applied because the appellate court thought the point, not raised at the trial level, could not be considered on *262 appeal, the District Court correctly stated the controlling rule of law in this language:
"We recognize the general and Florida rule to be that an appellate court, in reviewing a judgment on direct appeal, will dispose of the case according to the law prevailing at the time of the appellate disposition, and not according to the law prevailing at the time of rendition of the judgment appealed."
A change in the state of the law, intervening between trial and appeal, seldom occurs and is usually not foreseeable. The change in this cause was not foreseeable, the comparative negligence statute having been held valid in 1942.[2] Nevertheless, and notwithstanding the failure of the parties, at the trial level, to attack the validity of the statute, the appellate court was required to apply the law as it existed at the time of appeal.
A somewhat similar situation[3] arose in 1934 and this court held:
"In order that the present case may be reconsidered in the court below in the light of the rule of law stated in the above-mentioned cases decided here subsequent to the entry of the present appeal in this case, it is ordered that the decree appealed from be reversed without prejudice, and that this cause be remanded to the circuit court for further proceedings therein, with leave to each of the parties to make such amendments to the pleadings and to offer such additional evidence as the Chancellor may allow in order to have the controversy properly re-presented to the court for reconsideration in the light of applicable provisions of law. * * *"
In a cause[4] involving a statutory change between the trial and appeal it was held:
"It is apparent that Section 687.07, Florida Statutes, 1963, F.S.A., was the basis of the proceedings below. However, subsequent to the entry of the final decree and the filing of the notice of appeal, Chapter 65-299, Laws of Florida 1965, was enacted, the provisions of which may have some effect on Section 687.07. The appellant has filed a motion here for application of the intervening legislation, and the appellee has filed a suggestion of the unconstitutionality of intervening legislation, plus a motion for an order suspending appellate proceedings, and remanding the cause to the trial court for consideration of its suggestion of unconstitutionality. Since we have a law of the State of Florida which intervenes subsequent to the law on which this case was originally decided, we temporarily relinquish jurisdiction over this cause and remand it to the lower court for reconsideration and redetermination of the issues that may arise in view of the 1965 Act. * * *"
In this cause, between trial judgment and appeal, there was a change in law which affected the result and, in consequence, certiorari must be granted, the decision under review quashed without prejudice and the cause remanded with directions to remand for a new trial.
It is so ordered.
THORNAL, C.J., and THOMAS, ROBERTS and O'CONNELL, JJ., concur.
DREW, J., dissents with Opinion.
ERVIN, J., dissents and concurs with DREW, J.
*263 DREW, Justice (dissenting):
On rehearing I would adhere to the order discharging the writ issued in this cause.
There appears to be no genuine dispute on the point of applicability of current decisional law to the disposition of all issues properly presented on an appeal.[1] On the record in this case, however, the district court concluded that the appellant could not present initially on appeal an issue inconsistent with the theory on which it defended the suit and requested instructions to the jury in the trial court, and wholly beyond the scope of the appeal controverting the judgment only on the ground that a verdict should have been directed.
The decision further was that the error, if any, was invited error and the requested instructions, stating the statutory exclusion of the defense of contributory negligence which was not raised by the pleadings in any event, did not constitute fundamental error requiring reversal of the judgment of a trial court before which the issue was not raised. This decision does not, in my opinion, conflict with the decisions[2] cited by petitioner holding that questions of statutory validity in other factual situations amount to fundamental error which may be urged at any time.
I think it is apparent from an examination of the alleged conflicting decisions, in conjunction with the mass of related rulings in this area,[3] that the cases in question held only that the constitutional issues there presented involved fundamental error, and not that constitutional issues, generally, amount to fundamental error cognizable initially on appeal. The latter contention is clearly irreconcilable with the elemental rule of judicial procedure requiring that constitutional issues be eschewed unless timely raised and essential to the disposition of a cause.[4] Neither does such a contention comport with the decisional definition of fundamental error in civil cases as relating to the existence of the cause of action, right to recover, or jurisdiction of the trial court,[5] non-waivable in this and other contexts.
Although the point is not essential to my conclusion on the petition in this case, it seems to me that the decision of this Court in Georgia Southern & Fla. R. Co. v. Seven-Up Bottling Co., Fla. 1965, 175 So.2d 39, was only to the effect that factual conditions had at the time of that decision rendered F.S. Section 768.06, F.S.A., unconstitutional. Whatever might be the implications with respect to contemporaneous litigation involving the statute, the decision certainly did not purport to adjudicate its validity at any earlier time, as is the case when constitutionality turns upon issues necessarily invalidating a law ab initio. Nor did the court in that case conclude that any earlier adjudication of constitutionality of the statute was in error on the facts then presented. Some distinction must of course be made between retroactive application of case law as opposed to legislative enactments,[6] since the controlling effect of a judicial decision beyond the specific parties involved depends in our system of jurisprudence upon the principles of *264 stare decisis rather than any pronouncement of the court.
I would, for the reasons hereinabove stated, adhere to the order of discharge.
ERVIN, J., concurs.
NOTES
[1] F.S. § 768.06, F.S.A
[2] Loftin v. Crowley's, Inc., 150 Fla. 836, 8 So.2d 909, 142 A.L.R. 626 (1942).
[3] Winter Park Golf Estates v. City of Winter Park, 114 Fla. 350, 153 So. 842 (1934).
[4] General Capital Corporation v. Tel Service Co., 183 So.2d 1 (Fla.App. 1966).
[1] Winter Park Golf Estates v. City of Winter Park, 114 Fla. 350, 153 So. 842 (1934).
[2] Parker v. Town of Callahan, 115 Fla. 266, 156 So. 334; Town of Monticello v. Finlayson, 156 Fla. 568, 23 So.2d 843.
[3] Ellis v. State, 74 Fla. 215, 76 So. 698; Carlton, for Use of Duval County v. Fidelity and Deposit Co., 113 Fla. 63, 151 So. 291, 154 So. 317; Evans v. Hillsborough County, 135 Fla. 471, 186 So. 193; Mills v. Mills, 153 Fla. 746, 15 So.2d 763; Henderson v. Antonacci, Fla. 1952, 62 So.2d 5; Greene v. Alexander Film Co., Fla. 1953, 65 So.2d 53; State v. McInnes, Fla.App. 1961, 133 So.2d 581; Gleason v. Dade County, Fla.App. 1965, 174 So.2d 466; cf. 6 Fla.Jur., Constitutional Law, § 50, p. 310, n. 14.
[4] Greene v. Alexander Film Co., (Fla. 1953) 65 So.2d 53; 1 Fla.L.Rev. 460.
[5] Townsend v. Beck, 140 Fla. 553, 192 So. 390. Cf. Schaff v. Lynn, Tex.Civ.App. 1923, 253 S.W. 590, 591.
[6] General Capital Corporation v. Tel Service Co., 193 So.2d 1, (Fla.App. 1966).