ON REHEARING GRANTED
PER CURIAM.
On consideration of this appeal by the plaintiff from an adverse judgment entered on a jury verdict in favor of the defendants, this court filed a judgment of affirmance, without opinion, on February 26, 1974.
By petition for rehearing the appellant contends the affirmance was incorrect, and that the judgment should be reversed for new trial on authority of Hoffman v. Jones, Fla.1973, 280 So.2d 431, on the ground that applicability of the doctrine of comparative negligence was raised by plaintiff in the trial proceedings and rejection thereof by the trial court was assigned as error. We find merit in the petition for rehearing. Our judgment of affirmance filed February 26, 1974, is vacated, and this judgment of reversal is substituted.
The appellant Luis Jane received personal injuries in an automobile accident when a car he was driving was involved in a collision with one driven by Elena Ubals, owned by Marta Ubals. Jane filed this action against the Ubals and the insurer of the Ubals automobile. The defendants pleaded contributory negligence.
The case came on for trial on March 14, 1973. Prior thereto, on February 8, 1973, in Jones v. Hoffman, Fla.App.1973, 272 So.2d 529, the fourth district court of appeal had held that the doctrine of comparative negligence should be applied in such actions. The later decision of the Supreme Court so holding was made on July 10, 1973, in Hoffman v. Jones, supra, Fla.1973, 280 So.2d 431. In Hoffman, at page 440, the Supreme Court listed five circumstances or situations in which that decision as to comparative negligence should be applied. Included were the following:
“3. As to those cases in which trial has already begun or in which verdict or judgment has already been rendered, this opinion shall not be applicable, unless the applicability of the comparative negligence rule was appropriately and properly raised during some stage of the litigation.
“4. As to those cases on appeal in which the applicability of the comparative negligence rule has been properly and appropriately made a question of appellate review, this opinion shall be .applicable.”
At the trial the plaintiff objected to the giving of a jury charge on contributory negligence. In addition, the plaintiff’s motion for a new trial included a ground that the court should have charged the jury on comparative negligence, citing the ruling of the fourth district above referred to and quoting a pertinent portion of the opinion in that case. The motion for new trial was denied.
On appeal from the judgment there were assignments of error directed to those rulings, and in his brief the appellant argued that the court erred in charging the jury on contributory negligence.
Thus, it affirmatively appears from the record that the Supreme Court’s decision in Hoffman v. Jones, supra, is controlling in this case, on the dual bases that applicability of the comparative negligence rule *595 was raised by the plaintiff in a stage of the litigation in the trial court (motion for new trial), and was made a question of appellate review on the subsequent appeal.
Whereupon, the judgment is reversed, and the cause is remanded for a new trial in which the law relating to comparative negligence as pronounced in Hoffman v. Jones, supra, shall be applied. See Orfaly v. Jeffries, Fla.App.1974, 290 So.2d S75. Cf. Florida East Coast Railway Company v. Rouse, Fla.1966, 194 So.2d 260.
Reversed and remanded for new trial.