670 So.2d 1153 (1996)
Deborah K. CLAY, whose married name is Deborah K. Ford, Appellant,
v.
The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellee.
No. 94-3291.
District Court of Appeal of Florida, Fourth District.
April 3, 1996.
*1154 L.T. Case No. 86-301-CA.
Robert Lee Dennis, Okeechobee, for appellant.
Paul H. Field of Lane, Reese, Aulickk, Summers & Field, P.A., Miami, for appellee.
KLEIN, Judge.
Plaintiff appeals a defense verdict rendered in a case in which she alleged that the defendant insurer was in bad faith for delaying the payment of benefits under a life insurance policy on her husband. Although plaintiff agreed that the jury could be instructed that the "fairly debatable" standard was to be used in determining whether an insurer is in bad faith, she now argues that she should be given a new trial because our supreme court subsequently held in State Farm Mutual Automobile Insurance Co. v. LaForet, 658 So.2d 55 (Fla.1995), that fairly debatable is not the standard. We affirm because of her failure to object.
The parties in this case agreed, based on dicta in Imhof v. Nationwide Mutual Insurance Co., 643 So.2d 617 (Fla.1994), that the jury should be instructed on the fairly debatable standard, and each submitted an instruction involving that standard. The court gave the insurer's version:
A finding of bad faith on the part of an insurance company can only be reached if the disputed insurance claim is determined not to be fairly debatable. A claim is not "fairly debatable" only when there is an absence of a reasonable basis for denial of policy benefits.
Following the defense verdict in this case our supreme court rejected the fairly debatable standard, pointing out that the reference to it in Imhof was merely dicta and "irrelevant" to the issue. LaForet, 658 So.2d at 63.
Appellate courts, in reviewing judgments on direct appeal, are required to apply the law prevailing at the time of the appellate decision. See Florida East Coast Ry. v. Rouse, 194 So.2d 260 (Fla.1966), and cases cited therein. Rouse involved a personal injury claim against the railroad, which was tried at a time when there was a statute making railroads liable for negligence even if plaintiff was comparatively negligent. The common law rule that contributory negligence was a complete bar was still in effect in all other negligence cases. After the trial in Rouse, but before it was decided by the appellate court, the supreme court held the railroad comparative negligence statute unconstitutional as a denial of equal protection.[1] The railroad, which was appealing an adverse verdict in Rouse, had not raised the constitutionality of the statute in the trial court, but argued that it was entitled to a new trial because of the change in the law. Agreeing with the railroad, the Florida Supreme Court stated:
A change in the state of the law, intervening between trial and appeal, seldom occurs and is usually not foreseeable. The change in this cause was not foreseeable, the comparative negligence statute having been held valid in 1942. Nevertheless, and notwithstanding the failure of the parties, at the trial level, to attack the validity of the statute, the appellate court was required to apply the law as it existed at the time of appeal. (Footnote omitted.)
Rouse, 194 So.2d at 262. Although the above language would appear to support plaintiff's claim that she is entitled to a new trial, we conclude that Rouse has been overruled insofar *1155 as it did not require the issue to have been raised in the trial court by the party seeking to have new law applied.
In Smith v. State, 598 So.2d 1063, 1066 (Fla.1992), the Florida Supreme Court resolved an inconsistency in its decisions about the application of changes in criminal law to "pipeline" cases, i.e., cases which are not yet final in the trial court or are on direct appeal, stating:
Thus, we hold that any decision of this Court announcing a new rule of law, or merely applying an established rule of law to a new or different factual situation, must be given retrospective application by the courts of this state in every case pending on direct review or not yet final. Art. I, §§ 9, 16, Fla. Const. To benefit from the change in law, the defendant must have timely objected at trial if an objection was required to preserve the issue for appellate review. (Footnote omitted.)
Although Smith was a criminal case, we see no reason why its requirement that the issue must have been raised in the trial court would not apply in civil cases. Actually our supreme court was moving in that direction in civil cases prior to Smith. For example, when our supreme court adopted comparative negligence in Hoffman v. Jones, 280 So.2d 431 (Fla.1973), it provided that its decision would be applicable in appeals of cases which had been tried before the Hoffman decision only if the issue had been properly raised. And, after adopting strict liability in West v. Caterpillar, 336 So.2d 80 (Fla.1976), the court also similarly required the issue to have been raised in the trial court. Linder v. Combustion Eng'g, Inc., 342 So.2d 474 (Fla. 1977). The court recognized in Linder, however, that Rouse generally did not require the issue to have been raised in the court below. Id. at 475.
Prior to clarifying the law in Smith, our supreme court cited Rouse in a criminal case, Morgan v. State, 392 So.2d 1315 (Fla.1981). This supports our conclusion that our supreme court did not intend for there to be any distinction between civil and criminal cases, so far as preservation of error is concerned, and that Smith accordingly overrules Rouse.
An exception to the requirement that the issue must have been raised is, of course, fundamental error, i.e., an "error which goes to the foundation of the case or goes to the merits of the cause of action." Sanford v. Rubin, 237 So.2d 134, 137 (Fla.1970). It is arguable that the error which our supreme court allowed the railroad to raise for the first time on appeal in Rouse was fundamental. The dissenting opinion makes it clear that the railroad was arguing that the error was fundamental, and the statute which had been held unconstitutional did go to the very heart of the cause of action, since it allowed a negligent plaintiff to bring a suit which otherwise would have been barred. If the error in Rouse was not fundamental, Rouse is difficult to reconcile with the supreme court's later decision in Sanford. In Sanford the district court of appeal had held a statute unconstitutional, based on an argument raised for the first time on appeal, and the supreme court reversed, holding that this was not fundamental error and was thus waived because it had not been raised in the trial court.
In the present case the giving of the fairly debatable instruction was not fundamental error, and plaintiff's failure to object precludes reversal. We have examined the other issues raised by plaintiff and determined that they are without merit.
Affirmed.
GLICKSTEIN and STEVENSON, JJ., concur.
NOTES
[1] Georgia Southern and Florida Ry. v. Seven-Up Bottling Co. of S.E. Ga., Inc., 175 So.2d 39 (Fla. 1965).