CROSS, Judge.
Appellants-plaintiffs, William Joseph Clark, a minor, through his father and next friend William M. Clark, and William M. Clark in his individual capacity, appeal a final judgment in favor of appel-lee-defendant, William Lowe, Jr., in a “darting child” negligence action. We reverse.
The facts in the instant case are largely undisputed. At approximately 4 p.m. on September 14, 1968, defendant was driving his car along a street in Hollywood, Florida. The weather was good, defendant’s visibility was unimpaired, and the road was dry, straight and level. The posted speed limit was 30 m. p. h., and defendant was driving between 21 and 25 m. p. h. While about two blocks away from a certain intersection, defendant was able to observe several pedestrians near the intersection, apparently preparing to cross the street on which defendant was driving. This group consisted of the minor plaintiff William Joseph Clark, then aged 4 years and 11 months, plaintiff’s mother, a sister who was 3 years old, and plaintiff’s brother aged 16 months, who was in a stroller. The minor plaintiff and his family were approximately three to five feet from the street.
When defendant was about one car length, or ten feet, away from the group of pedestrians, the minor plaintiff suddenly ran into the street and was struck by defendant’s car. It is undisputed that before the minor plaintiff ran into the street, defendant did not slow down, move his vehicle closer to the center of the road or blow his horn. It is likewise undisputed that there was no apparent indication before the accident that the minor plaintiff was about to run into the street, and that when he did so it was too late to avoid impact.
The trial court at conclusion of all the evidence denied both plaintiffs’ and defendant’s motions for directed verdict. The trial court then instructed the jury. One of the court’s instructions was on the issue of contributory negligence of the minor plaintiff. The jury returned a verdict in favor of defendant, and final judgment was entered accordingly. This appeal followed.
The primary thrust of this appeal is whether the trial court committed reversible error in instructing the jury as to the issue *569 of contributory negligence of the minor plaintiff.
In the recent case of Swindell v. Hellkamp, Fla.1970, 242 So.2d 708, the Florida Supreme Court determined that a child under six years of age is conclusively presumed to be incapable of committing contributory negligence. However, the court in Swindell pointed out that the giving of an instruction on contributory negligence where the plaintiff is less than six years of age may be harmless error if there is no evidence to support a verdict against defendant.
In the case of Mackey v. Arnold, Fla.App.1970, 242 So.2d 754, this court was presented with a fact situation strikingly similar to the one in the instant case.[1] It was there stated:
“A jury might well conclude that the appellee driver had exercised that degree of care which the law exacts of him under these circumstances and that the sole proximate cause of the child’s injury was the conduct of the child in darting from his mother’s side and into the path of appellees’ approaching vehicle. Yet, this set of circumstances when viewed in their totality leave room for the trier of fact to conclude that the appellee driver failed to exercise the degree of care which the law required of him, resulting in the child’s injury.”
In the instant case defendant knew that the children were present and poised to cross the street. A jury could conclude that under the circumstances here presented, defendant was negligent in not slowing his speed or taking some other action which might have avoided the accident. It is also apparent that the trial court considered that there was some evidence of defendant’s negligence, inasmuch as the trial court denied defendant’s motion for directed verdict.
Accordingly, we conclude that the giving of the instruction on contributory negligence was not harmless error, inasmuch as there was some evidence of defendant’s negligence. In fairness to the trial court, it should be pointed out that the final judgment was entered prior to the Florida Supreme Court’s decision in Swindell v. Hellkamp, supra. The issue on this appeal, however, must be resolved in accordance with the case law now in effect. Personnel Board of City of Miami Beach v. Majewski, Fla.App.1969, 227 So.2d 498.
The final judgment appealed is reversed, and the cause remanded for a new trial.
REED, C. J., and MAGER, J., concur.

. Mackey v. Arnold was a summary judgment case. However, determination of conflicting inferences which a jury might draw from such a set of facts does apply to the instant ease.