BOYER, Judge.
We here again consider the applicability of the estoppel by judgment doctrine, particularly as affected by the intervening doctrine of Hoffman v. Jones, Sup.Ct.Fla. 1973, 280 So.2d 431.
Appellant’s husband was killed as a result of the collision between his car and appellee’s train on December 4, 1970. Appellant, as administratrix of her husband’s estate, sued appellee under the Florida Wrongful Death Act. Appellant also filed the instant suit individually and sought damages for loss of services, etc., for the death of her husband. On April 25, 1972, a jury verdict was rendered in favor of the railroad in the administratrix’s action. An appeal by the administratrix was affirmed by this Court,[1] and certiorari was denied by the Supreme Court.[2] On the 10th day of July, 1971, summary judgment was rendered by the trial court in the in *605 stant cause in favor of the railroad upon the principle of estoppel by judgment. Notice of appeal was timely filed and the cause apparently was left in limbo awaiting the results of the appellate review of the administratrix’s suit.
Now, appellant insists that estoppel by judgment does not apply in this cause by reason of the newly discovered comparative negligence doctrine in Hoffman v. Jones, supra, which was rendered after the trial of the administratrix’s action. We agree and reverse. (See Seaboard Coast Line Railroad Company v. Arnett, Fla.App. 1st 1974, 303 So.2d 653, and Fitzsimmons v. City of Pensacola, Fla.App. 1st 1974, 297 So.2d 107.)
Valdez v. Fesler, Fla.App. 2nd 1974, 298 So.2d 512, is not applicable for the reason that there it is apparent that the appellant (plaintiff in the trial court) consciously elected to waive his right to have made applicable the doctrine of comparative negligence in line with Hoffman v. Jones, supra.
Reversed and remanded.
McCORD, J., concurs.
RAWLS, C. J., dissents.

. Wilson v. St. Louis & S. F. R. Co., 280 So. 2d 722 (Fla.App.1st 1973).

. Wilson v. St. Louis & S. F. R. Co., 287 So.2d 321 (Fla.1973).