315 So.2d 199 (1975)
Levert LINDER and Emma Jean Linder, His Wife, Appellants,
v.
COMBUSTION ENGINEERING, INC., a Corporation, Appellee.
No. W-354.
District Court of Appeal of Florida, First District.
June 30, 1975.
James M. McLean, Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for appellants.
Mattox S. Hair, Marks, Gray, Conroy & Gibbs, Jacksonville, for appellee.
RAWLS, Chief Judge.
Appellants' primary grievance with the trial court in this negligence action is that it refused to give two requested instructions to the jury. In support of this contention, appellants argue that the doctrine of strict liability has gained acceptance in Florida.
*200 The basic facts are not controverted. Appellant Linder, an employee of St. Regis Paper Company, was assigned to tend a salt conveyor in the liquid pulp section of the St. Regis plant in Jacksonville. One of his duties was to remove and weigh salt in order to determine the speed of the flow in the machine. This task was accomplished by Linder pulling out a slide gate located immediately under a screw in the bottom of the casing and allowing the salt to fall into a bucket. At some undetermined time, the gate had developed a leak, and the employees found it helpful to stuff a rag into the gate to prevent the leakage. Linder reached in through the slide gate, at which time the screw caught his fingers and pulled his right arm into the conveyor. The result of this accident caused Linder to lose his arm. No cut-off switch had been installed on the conveyor or within approximately forty feet thereof.
The subject conveyor was manufactured by appellee, Combustion Engineering Company, and delivered to St. Regis in 1957. Testimony is that Combustion did not install the machine and:
"... In a project of this type there are many different suppliers supplying equipment to written specifications by either the customer or the customer's consulting engineer, and the equipment is supplied in accordance with those specifications. The wiring and controls were outside the supply of the boiler manufacturer." [Emphasis supplied]
The uncontroverted evidence in this record reflects that Combustion was not required to nor did design or install any of the electrical wiring utilized in the installation of the salt cake conveyor. The fact that an expert witness opined that: "... it is the practice in the industry where you have dangerous machines, to have the cut-off switch readily available to the operators so, in case of an emergency, it can be shut down.", is not sufficient to cast this responsibility upon Combustion in light of the uncontroverted fact that St. Regis assumed the duty of designing and installing the electrical system.
Appellant's contention that the doctrine of strict liability in tort has gained acceptance in Florida is primarily founded upon the dictum recited in the Fourth District Court of Appeal's opinion in Keller v. Eagle Army-Navy Department Stores, Inc., 291 So.2d 58 (4 Fla.App. 1974). This Court in Lipsius v. Bristol-Myers Company, 265 So.2d 396 (1 Fla.App. 1972) expressly rejected the doctrine of strict liability, and we are not now persuaded to do otherwise.
The judgment appealed is affirmed.
JOHNSON and McCORD, JJ., concur.