334 So.2d 257 (1976)
CNA INSURANCE, a Foreign Corporation, et al., Petitioners,
v.
Herman E. MINTON and Diane Minton, Individually, and As Husband and Wife, Respondents.
No. 45628.
Supreme Court of Florida.
March 31, 1976.
Rehearing Denied July 19, 1976.
Steven R. Berger of Carey, Dwyer, Austin, Cole & Selwood, Miami, for petitioners.
Paul J. Levine of Noriega & Bartel, Miami, for respondents.
HENSLEY, ROBERT E., Circuit Judge.
This cause is before us on petition for writ of certiorari granted to review the decision of the District Court of Appeal, Third District, reported at 293 So.2d 742 (Fla.App., 1974). We find conflict with Hoffman v. Jones, 280 So.2d 431 (Fla., 1973). We have jurisdiction pursuant to Article V, Section 3(b)(3).
The District Court held in this case that the benefits of Hoffman v. Jones, supra, applied, even though the case had been tried before Hoffman and the benefits were first raised by an assignment of error in the appellate court. There is no dispute that the question of comparative negligence was not raised at any stage of the litigation in the trial court.
In adopting the comparative negligence rule in Hoffman, this court faced the problem of its application to cases which had not yet been filed, as well as to all pending cases, whether the cases were pending in the trial courts or in the appellate courts. Upon consideration of this problem, the court determined that the rule should apply to those cases in which the cause of action had already accrued, but the cause had not yet been filed. The court further determined to apply the doctrine to cases then pending in the trial courts which had not yet been tried. It then clearly stated that it was not applicable to those cases pending in the trial courts and in which the trials thereof had then begun or been completed, with two exceptions. Those exceptions were cases which had been tried on the rule of comparative negligence and those cases which had been tried on the rule of contributory negligence but in which the *258 applicability of the rule of comparative negligence had been properly raised before or during the trial. As to cases then pending in the appellate courts, it did not apply unless the rule had been "properly and appropriately made a question of appellate review." The rule could not have been properly or appropriately made a question of review unless the applicability of the rule had been raised at the trial level before or during the trial thereof.
Having taken jurisdiction, we determine the other issues. The main other point on appeal is that there was insufficient evidence on which the jury could have found for the Defendants in the trial court on the issue of contributory negligence. A review of the record discloses sufficient evidence to make this a question for the jury to determine. It did so and its decision will not be disturbed.
The decision of the District Court of Appeal, Third District, is quashed and the cause is remanded with instructions to reinstate the judgment of the trial court.
It is so ordered.
ROBERTS, Acting C.J., and SUNDBERG and HATCHETT, JJ., concur.
ENGLAND, J., concurs with an opinion, with which SUNDBERG, J., concurs.
MELVIN, Circuit Judge, dissents with an opinion.
ADKINS, J., dissents and concurs with MELVIN, Circuit Judge.
ENGLAND, Justice (concurring).
I agree with the majority's decision to reinstate the verdict and judgment of the circuit court.
In Hoffman we cataloged five procedural stages of litigation for the applicability of the comparative negligence doctrine to pending cases. The enumeration served, in effect, as a judicial statute of limitations for all cases not expressly included in the applicable categories. The district court classified this litigation as being within category 4, relating to "cases on appeal". In so doing, it erred.
This case was not on appeal on July 10, 1973, the date on which Hoffman was decided. The opinion below states that the trial court heard and orally denied a motion for new trial on that very day. The record on appeal contains a written order denying a new trial, which is dated July 18, 1973, and a Notice of Appeal filed in the circuit court which is dated August 6, 1973. Obviously, this litigation was within the jurisdiction of the trial court, not an appellate court, when Hoffman was decided on July 10. Since it was not "on appeal" it fell within another of the enumerated categories. This litigation falls plainly within the language of Hoffman's category 3:
"As to those cases in which trial has already begun or in which verdict or judgment has already been rendered, this opinion shall not be applicable, unless the applicability of the comparative negligence rule was appropriately and properly raised during some stage of the litigation."
Inasmuch as the doctrine of comparative negligence was not raised at any stage of the trial court proceeding, the exception in category 3 is not applicable and the judicial statute of limitations in Hoffman prevents a relitigation of this controversy on the theory of comparative negligence.
SUNDBERG, J., concurs.
MELVIN, Circuit Judge (dissenting).
I wish to respectfully note my dissent to the majority opinion. In the case here under review, Judgment was entered June 18; Motion for New Trial was argued and verbally denied on July 10; on July 18, the *259 formal Order of Denial was entered by the Court, and Notice of Appeal was dated August 6, 1973.
In Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), this Court recognized the traumatic effect that the judicial substitution of the comparative negligence doctrine, in place of the firmly established doctrine of contributory negligence, would have in the field of tort litigation in the trial and appellate courts of this State. The opinion was filed Tuesday, July 10, and mandate issued Monday, July 16, 1973. Therein, the Court sought to anticipate areas of possible confusion in the application of the new rule, and delineated five areas in which the Court, under the circumstances, envisioned the proper application thereof. Clearly, the Court did not undertake to set guidelines in anticipation of all problems that the future might present.
I do not give the words "appropriately and properly raised" and the words "properly and appropriately made a question of appellate review" in guidelines three and four, text 440, the restraining technical application as apparently is now applied by the Court. My understanding is that the Court thereby sought, under the then known circumstances, to insure even-handed application of the new rule of law in the administration of justice at the trial and appellate levels.
Prior to the finality of the opinion of this Court in Hoffman v. Jones, there was no valid defense of "comparative negligence" that could be appropriately and properly raised in tort litigation in the trial or appellate Courts of Florida.
Between date of trial judgment and appeal, the applicable rule of law was changed by this Court. See Florida East Coast Railway Company v. Rouse, 194 So.2d 260, 262 (Fla. 1967).
Plaintiffs properly raised the question in the first forum available to them. That Court disposed of the case by applying the law prevailing at the time of appellate review, in accord with the rule concisely stated by this Court in Florida East Coast Railway Company v. Rouse, above cited, and in accord with my understanding of proper application of the rule as set forth in Hoffman v. Jones.
I would discharge the writ.
ADKINS, J., concurs.