OVERTON, Chief Justice.
This cause is before us on petition for writ of certiorari to review a decision of the First District Court of Appeal reported at 309 So.2d 604 (Fla.App. 1st 1975). Conflict is asserted with Hoffman v. Jones, 280 So.2d 431 (Fla.1973). We hold the District Court misapplied the rules allowing retrial under the doctrine of comparative negligence as set forth in Hoffman, and therefore conflict certiorari jurisdiction vests in this Court.[1]
In December 1970, respondent’s husband was killed when his automobile collided with petitioner’s train. Respondent instituted two tort actions, one as administratrix of decedent’s estate, the other individually. The administratrix’s action proceeded first, and a jury verdict and judgment were entered for the petitioner railroad on April 25, 1972. The case was affirmed by the First District on July 24, 1973. Wilson v. St. Louis & San Francisco Railroad Company, 280 So.2d 722 (Fla.App.1st1973), cert. denied, 287 So.2d 321 (Fla.1973).
In the second action for individual damages, the trial court on July 10, 1972, granted a summary judgment for the petitioner railroad holding the respondent was estopped by the earlier judgment in the ad-ministratrix’s action. Notice of appeal was timely filed, but the respondent did not proceed until the cited Supreme Court cer-tiorari review in the administratrix’s action was completed in November 1973.
During that dormant period, this court on July 16, 1973, held comparative negligence replaced contributory negligence as the law of Florida. Hoffman v. Jones, 280 So.2d 431 (Fla.1973).
The appeal of the instant action in the District Court was commenced in October 1972. The respondent first raised the issue of the changed negligence doctrine barring the applicability of estoppel by judgment in his briefs filed after February 1974. The comparative negligence issue was not specifically raised in the assignments of error *194 or in any other manner in the trial proceedings.
The First District held estoppel by judgment would apply to this situation but for the change from contributory negligence to comparative negligence as set forth in Hoffman v. Jones, supra. The District Court found the trial in the first adminis-tratrix’s action included the issue of contributory negligence. Inherent in its conclusion also was a finding that comparative negligence was appropriately made a question for appellate review.
In our simultaneous decision in Seaboard Coast Line Railroad Company v. Cox, 338 So.2d 190, we stated:
“. . . estoppel by judgment requires (1) that the real parties in interest in both suits be identical, and (2) that the issue in the second action that is sought to be estopped from relitigation be identical to necessary and material issues resolved in the first suit. . . .”
The real parties in interest are the same. The principal question we must determine is whether the issues in the two actions are identical. To answer this question, we must determine whether comparative negligence was properly and appropriately made a question of appellate review since this instant case was on appeal at the time of the Hoffman decision. The issue of comparative negligence was never raised before the trial court. Assertion of the comparative negligence issue for the first time in the briefs on appeal does not meet the requirement that the issue has appropriately been made a question of appellate review as required by category four of the criteria for reviewability as set forth in Hoffman v. Jones, supra. We hold that for the change in our negligence law to change the issue for determination and thereby prevent es-toppel by judgment, it must be properly made an issue in the trial or appellate courts as required in Hoffman v. Jones, supra. Such was not done in the instant cause and estoppel by judgment applies.
The decision of the District Court is quashed and the judgment of the trial court is reinstated.
It is so ordered.
BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
ROBERTS and ADKINS, JJ., dissent.

. Art. V, Sec. 3(b)(3), Fla.Const.; See Wale v. Barnes, 278 So.2d 601 (Fla.1973) ; Rinker Materials Corp. v. City of North Miami, 286 So.2d 552 (Fla.1973) ; Guerrero v. State, 289 So.2d 396 (Fla.1974).