342 So.2d 474 (1977)
Levert LINDER and Emma Jean Linder, His Wife, Petitioners,
v.
COMBUSTION ENGINEERING, INC., a Corporation, Respondent.
No. 47799.
Supreme Court of Florida.
January 13, 1977.
Rehearing Denied March 10, 1977.
*475 James M. McLean and Wayne E. Ripley, Jr., of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for petitioners.
Mattox S. Hair, of Marks, Gray, Conroy & Gibbs, Jacksonville, for respondent.
ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, First District (Linder v. Combustion Engineering, Inc., 315 So.2d 199), which allegedly conflicts with a prior decision of the District Court of Appeal, Fourth District (Keller v. Eagle Army-Navy Department Stores, Inc., 291 So.2d 58), on the same point of law. Article V, Section 3(b)(3), Florida Constitution. As will more fully appear herein, we have jurisdiction.
The District Court of Appeal held, in the case sub judice, that the doctrine of strict liability in tort is not applicable in Florida. Thereafter, this Court in West v. Caterpillar Tractor Company, Inc., 336 So.2d 80 (Fla. 1976), adopted the doctrine of strict liability.
The West case came to us from the United States Court of Appeals for the Fifth Circuit on a certificate as authorized by Section 25.031, Florida Statutes, and Rule 4.61. Therefore, it was not appropriate to consider the applicability of the newly adopted rule in pending negligence cases. In the absence of such a determination, the doctrine would be applied at the appellate level even though the question was not raised before the trial judge. We have held that on appellate review the issues must be resolved in accordance with the case law in effect at the time the appellate decision is rendered. Florida East Coast Railway *476 Company v. Rouse, 194 So.2d 260 (Fla. 1967); Clark v. Lowe, 261 So.2d 567 (Fla. 4th DCA 1972). To apply this rule would result in a general upheaval in many pending negligence cases. We therefore apply the principles as announced in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), in determining the manner in which the doctrine of strict liability should be applied in pending cases.
Under the circumstances, we hold that the doctrine of strict liability as announced in West shall be applied as follows:
(1) As to those cases in which the strict liability rule has been applied, West shall be applicable.
(2) As to those cases already commenced but in which trial has not yet begun, the strict liability rule shall be applicable.
(3) As to those cases in which trial has already begun or in which verdict or judgment has already been rendered, the strict liability rule shall not be applicable unless the applicability of the rule was appropriately and properly raised during some stage of the litigation.
(4) As to those cases on appeal in which the applicability of the strict liability rule has been properly and appropriately made a question of appellate review, the strict liability rule shall be applicable.
(5) The strict liability rule shall be applicable in all cases commenced after this decision becomes final.
In the case sub judice, plaintiffs' complaint consisted of one count based upon negligence and one count based upon breach of implied warranty. The complaint did not seek recovery under the doctrine of strict liability nor did the plaintiffs make a motion at any time to have the pleadings amended so as to conform to the evidence. See Fla.R.Civ.P. 1.190(b).
Plaintiffs' first attempt to rely on the theory of strict liability was by a requested instruction. Strict liability was not within the issues raised by the pleading and the court properly rejected such a charge. Under the circumstances the strict liability rule was not appropriately and properly raised during the litigation.
The decision of the District Court of Appeal is approved and the writ of certiorari is discharged.
It is so ordered.
OVERTON, C.J., and BOYD, HATCHETT, ROBERTS (Retired) and DREW (Retired), JJ., concur.
ENGLAND, J., concurs with an opinion.
ENGLAND, Justice, concurring.
I fully agree to the disposition of this case, but I would add my view that the Hoffman categories of prospective and retroactive applicability we have adopted for strict liability include our later constructions of those categories. See CNA Insurance v. Minton, 334 So.2d 257 (Fla. 1976); Valdez v. Fesler, 335 So.2d 553 (Fla. 1976); and St. Louis & San Francisco R.R. v. Wilson, 338 So.2d 192 (Fla. 1976).