ADKINS, Justice.
By petition for certiorari, we have for review a decision of the District Court of Appeal, Second District (Rohrsen v. Waco Scaffold & Shoring Company, 341 So.2d 1093 [Fla.2d DCA 1976]), which allegedly conflicts with prior decisions of this Court (West v. Caterpillar Tractor Company, Inc., 336 So.2d 80 [Fla.1976], and Linder v. Combustion Engineering Company, 342 So.2d 474 [Fla.1977]), on the same point of law. Article V, Section 3(b)(3), Florida Constitution.
On May 9, 1973, the petitioner, hereinafter referred to as “plaintiff”, fell at a construction site while he was descending a Hi-load shoring manufactured and delivered to the job site by the respondent, hereinafter referred to as the “defendant”. Suit was brought against the defendant and others, the complaint alleging that defendant was negligent, breached implied warranties, and was strictly liable in tort.
The defendant moved to strike or dismiss the plaintiff’s claim that defendant was strictly liable in tort upon the ground that this theory of law was not a part of the Florida tort law. The trial judge correctly granted the motion to dismiss as we had not yet adopted the theory of strict liability in tort.
The defendant moved for a summary final judgment on the other theories of recovery and the same was granted by the trial judge.
Upon appeal, the plaintiff contended, inter alia, that the trial judge committed error in dismissing plaintiff’s count relying upon the theory of strict liability in tort. The District Court of Appeal affirmed the trial judge’s dismissal of the count alleging strict liability in tort.
On July 21,1976, pending the appeal, this Court adopted the theory of strict liability in West v. Caterpillar Tractor Company, Inc., supra. Thereafter, in Linder v. Combustion Engineering, Inc., supra, we determined the manner in which the adoption of strict liability should be applied in pending litigation and made the following pronouncement:
“(1) As to those cases in which the strict liability rule has been applied, West shall be applicable.
“(2) As to those cases already commenced but in which trial has not yet begun, the strict liability rule shall be applicable.
“(3) As to those cases in which trial has already begun or in which verdict or judgment has already been rendered, the strict liability rule shall not be applicable unless the applicability of the rule was appropriately and properly raised during some stage of the litigation.
“(4) As to those cases on appeal in which the applicability of the strict liabil *772 ity rule has been properly and appropriately made a question of appellate review, the strict liability rule shall be applicable.
“(5) The strict liability rule shall be applicable in all cases commenced after this decision becomes final.” 342 So.2d at 476.
The plaintiff attempted to apply the doctrine of strict liability in his original complaint and this issue was dismissed from the case as a question of law, not of fact. The factual basis for strict liability has never been considered by the trial court, nor was it considered by the District Court of Appeal. The summary judgment on the remaining counts did not deal with strict liability.
The factual contents of any affidavits filed in support of the summary judgment in the remaining counts could have no effect upon the sufficiency of the count alleging strict liability, since for purposes of the motion to dismiss all well pleaded allegations of the complaint must be taken as true.
The decision of the District Court of Appeal is in conflict with the principles announced in Linder v. Combustion Engineering, Inc., supra, and we have jurisdiction.
We find no error in the entry of the summary judgment as to the remaining counts of the complaint, but the count based upon the theory of strict liability should be reviewed by the trial judge in the light of West, supra.
The decision of the District Court of Appeal is quashed and the cause is remanded with instructions that same be further remanded to the trial court for consideration of the count based upon strict liability in tort.
It is so ordered.
SUNDBERG, HATCHETT and KARL, JJ., concur.
OVERTON, C. J., and BOYD, J., dissent.
ENGLAND, J., dissents with an opinion.