383 So.2d 931 (1980)
Billie Earl HETHCOAT, As Administratrix of the Estate of William Randolph Eatman, Jr., Deceased, Appellant,
v.
CHEVRON OIL CO., Hy-Way Heat Systems, Inc., and V.E. Whitehurst & Sons, Inc., Appellees.
No. FF-387.
District Court of Appeal of Florida, First District.
April 30, 1980.
As Corrected On Denial of Rehearing June 3, 1980.
*932 Robert C. Dean, William C. Owen of McClure, Wigginton, Campbell & Owen, Tallahassee, for appellant.
Bruce S. Bullock, Jacksonville, Wilson Sanders and Monroe E. McDonald of Sanders, McEwan, Mims & McDonald, Orlando, Robert L. Cowles, Jacksonville, for appellees.
PER CURIAM.
By opinion on rehearing the Supreme Court of Florida quashed the decision of this Court in Hethcoat v. Chevron Oil Co., 364 So.2d 1243 (Fla. 1st DCA 1978), and remanded for consideration only as to appellee, Hy-Way Heat Systems, Inc. Hethcoat v. Chevron Oil Co., 380 So.2d 1035 (Fla. 1980). The decision of this Court as to appellees Chevron Oil Company and V.E. Whitehurst & Sons, Inc., was approved.
Upon reconsideration of our decision with respect to appellee Hy-Way Heat Systems, Inc., in light of the Supreme Court's decision in Auburn Machine Works Co. v. Jones, 366 So.2d 1167 (Fla. 1979), rejecting the "patent danger doctrine" as an absolute defense in products liability cases, we find as follows with respect to the points raised by appellant on this appeal:
1. The trial court erred in granting a directed verdict in favor of Hy-Way Heat Systems, Inc.
2. The trial court erred in not permitting appellant's engineering expert to express his opinion in response to a hypothetical question presented to him as to the efficiency of the venting system of the heat tank to remove vapors so as to exclude the *933 possibility of a combustible mixture existing in the heat tank.
3. While evidence of postaccident remedial and precautionary measures undertaken and recommended by a defendant is, as a general rule, not admissible evidence as proof of the defendant's negligence in not having taken such remedial action prior to the accident, Hy-Way Heat Systems, Inc., opened the door to such evidence on rebuttal by presenting testimony of its president which had the effect of indicating to the jury that it had made no changes in its recommendations as to use of the tank subsequent to the accident.
The final judgment is affirmed as to appellees Chevron Oil Company and V.E. Whitehurst & Sons, Inc., but is reversed and remanded for a new trial as to Hy-Way Heat Systems, Inc. Since the case is to be retried, we consider that the directions of the Supreme Court in Linder v. Combustion Engineering, Inc., 342 So.2d 474, 476 (Fla. 1977), as follows are now applicable to this action:
[2] Under the circumstances, we hold that the doctrine of strict liability as announced in West shall be applied as follows:
* * * * * *
(2) As to those cases already commenced, but in which trial has not yet begun, the strict liability rule shall be applicable.
Prior to new trial, appellant shall be allowed, if he so desires, to amend his complaint to seek relief under the doctrine of strict liability in tort under the principles announced by the Florida Supreme Court in West v. Caterpillar Tractor Co., 336 So.2d 80 (Fla. 1976), appellant having sought and been denied such amendment during the course of the previous trial.
McCORD, ROBERT P. SMITH, Jr. and LARRY G. SMITH, JJ., concur.