606 So.2d 1255 (1992)
Nathan J. LINDENFIELD, Saud Lindenfield, Jack Lindenfield, Dale Wallick, Peter Wallick and Michael A. Mosco, Trading and d/b/a Boca East Group, a/k/a Boca Islands East, Appellants,
v.
Joseph DORAZIO, a minor, bY Cheryl DORAZIO, his mother and natural guardian, and Cheryl Dorazio in her own right, Appellees.
No. 91-0775.
District Court of Appeal of Florida, Fourth District.
October 28, 1992.
Rehearing or Clarification Denied November 25, 1992.
*1256 Richard A. Sherman and Rosemary Wilder of Richard A. Sherman, P.A., Fort Lauderdale, for appellants.
Leslie S. Osborne of Furr and Cohen, P.A., and C. William Berger, Boca Raton, for appellees.
DELL, Judge.
Appellants contend that the trial court erred when it granted appellees Cheryl and Joseph Dorazio's motion for an additur or in the alternative a new trial on damages. Appellants also contend that the trial court erred when it failed to grant their motion for judgment notwithstanding the verdict. We affirm the trial court's order denying appellant's motion for judgment notwithstanding the verdict. We reverse the order granting an additur or a new trial on damages and remand this cause to the trial court for a new trial on liability and damages.
Cheryl Dorazio and her two-and-one-half year old son, Joseph, lived with Cheryl's boyfriend, Robert Bongermino, in a small one-room apartment owned by appellants. On the evening of July 10, 1989, Cheryl went to work leaving Joseph in Robert's care. Robert testified that at approximately 8:20 p.m. he engaged in a two or three minute conversation with a friend at the front door of the apartment while Joseph watched television. During this time period, Joseph apparently went into the bathroom, plugged the bathtub, filled it with approximately six inches of hot water, stepped inside and severely burned his right foot and leg.
Both Cheryl and Robert knew that the bath water was very hot and instructed Joseph to stay away from the bathtub. They also testified that they asked the apartment manager, Mrs. Spinelli, to reduce the water temperature. Spinelli testified that neither Cheryl nor Robert had complained to her about the water being too hot. She claimed that the tenants only complained that the water was too cold. Thus, appellants set the water temperature at 180 degrees Fahrenheit in order to supply sufficient hot water to all of their tenants. Spinelli further testified that with the water pouring out full power, it took four and one-half minutes for the bathtub to fill with six inches of water. Robert testified that Joseph did not have the water on full power. Appellees presented expert testimony that a 180 degree temperature setting for a residential hot water system was extremely dangerous and would cause scalding in a short period of time.
Joseph's burns required skin grafts on his right leg and foot. The record also shows that his injuries required extensive physical therapy and that he endured pain and discomfort. The testimony conflicted as to the amount and necessity of Joseph's future medical care. Joseph's treating physician estimated that future surgical procedures could cost up to $100,000.00. Appellants' expert opined that barring further injury to his right leg and foot, Joseph would be fine. However, the doctors agreed that Joseph will have permanent scarring on his right leg and foot. Appellants stipulated that Cheryl had incurred approximately $29,000 in medical expenses for Joseph's treatment.
*1257 The jury found appellants negligent but only awarded Cheryl and Joseph $1.00 each in damages. Appellees moved for an additur or in the alternative, a new trial on damages. Appellants moved for a judgment notwithstanding the verdict or for a new trial on all issues. During a hearing on these motions, the trial court stated:
Well, I can appreciate that, but in terms of real special damages we know that the verdict was inadequate.
... .
You know, I am going to grant something here.
The trial court entered a written order and awarded appellees $168,924.00 in additur or a new trial on damages. The trial court's order states in pertinent part:
Having reviewed the case and after hearing argument of counsel, the Court finds that the damage award pursuant to the Jury Verdict dated December 6, 1990 is inadequate based upon the criteria set forth in F.S. 768.74(5).
... .
(4) The Plaintiff's Motion for A New Trial on Damages is granted unless the parties file a stipulation agreeing to the additur within ten (10) days from the date of this order.
Appellants did not stipulate to the additur and filed this appeal.
Appellants first contend that the order must be reversed since the trial court failed to state specific grounds for granting a new trial on damages. In the alternative they argue that the trial court erred by denying their motion for a new trial on all issues. Appellants also contend that the trial court erred when it failed to grant their motion for judgment notwithstanding the verdict.
Rule 1.530(f) provides:

Order Granting to Specify Grounds. All orders granting a new trial shall specify the specific grounds therefor. If such an order is appealed and does not state the specific grounds, the appellate court shall relinquish its jurisdiction to the trial court for entry of an order specifying the grounds for granting the new trial.
We reject appellees' argument that the trial court's reference to the criteria set forth in section 768.74(5), Florida Statutes (1989) satisfied the requirements of rule 1.530(f). A general reference to the statutory criteria does not provide a reviewing court with an adequate basis for appellate review. Ordinarily, we would relinquish jurisdiction to permit the trial court to make the required findings in support of its order granting a new trial on damages. See Prime Motor Inns, Inc. v. Waltman, 480 So.2d 88 (Fla. 1985).[1] However, our review of the record satisfies us that the verdict must be set aside as a matter of law.
The record contains overwhelming evidence that appellee, Joseph Dorazio, sustained damages far in excess of $1.00. Appellants stipulated that Cheryl Dorazio incurred approximately $29,000 in medical expenses for the treatment of Joseph's injuries and it cannot be disputed that Joseph sustained serious burns which required extensive medical treatment. The record also establishes that Joseph continues to suffer from scars and disfigurement and will endure certain limitations associated with those scars in the future. The verdict form asked the jury to determine only the question of appellants' negligence and the amount of damages sustained by Joseph Dorazio. No issue existed as to comparative negligence on the part of Cheryl Dorazio and such a defense could not have been pled on the part of Joseph, a two-and-one-half *1258 year old child. Swindell v. Hellkamp, 242 So.2d 708, 710 (Fla. 1971). An award of $1.00 each to Cheryl and Joseph Dorazio makes it apparent that the jury ignored the instructions of the court and the manifest weight of the evidence.
Appellants argue that the verdict should be reinstated because it reflects a compromise verdict. Appellants point out that appellees told the jury that Bongermino's actions may have substantially contributed to the cause of Joseph's injuries and suggest that the jury adjusted the verdict to reflect his negligence. Bongermino was not a party to this action. Since the jury found appellants guilty of negligence that caused Joseph's injuries and therefore had a corresponding duty, as a matter of law, to award damages consistent with the instructions given by the court, reinstatement of the jury's verdict would not be appropriate. The record, however, clearly demonstrates that the evidence on the issue of liability is so intertwined with the issue of damages that we must reverse and remand this issue for a new trial on both issues. See Broward County School Bd. v. Dombrosky, 579 So.2d 748 (Fla. 4th DCA 1991).
Finally, we reject appellants' argument that the trial court erred when it denied their motion for judgment notwithstanding the verdict. The trial court did not err when it submitted the defense of superseding intervening cause to the jury. See Goode v. Walt Disney World Co., 425 So.2d 1151 (Fla. 5th DCA 1982).
Accordingly, we affirm the trial court's order denying appellants' motion for judgment notwithstanding the verdict. We reverse the trial court's order granting an additur or in the alternative a new trial on damages. We remand this cause to the trial court with instructions to grant a new trial on liability and damages.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
LETTS and POLEN, JJ., concur.
NOTES
[1] In Prime Motor Inns, the trial court granted a new trial on damages without specifying its reasons. The district court of appeal found sufficient evidence to support the verdict and reversed. The supreme court quashed this portion of the district court's decision and relinquished jurisdiction to the trial court for entry of an order specifying reasons in support of its prior order granting a new trial on damages. Here, in contrast, we agree with the trial court's order granting a new trial. Our disagreement relates only to the trial court's decision to limit the new trial to the issue of damages.