779 So.2d 337 (2000)
Jami L. CARMONA and Evangelina Carmona, Appellants,
v.
Aida R. CARRION and Emilio Carrion, Appellees.
No. 2D98-4390.
District Court of Appeal of Florida, Second District.
January 19, 2000.
*338 Bonita Kneeland Brown of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A. Tampa, for Appellants.
Associates and Bruce L. Scheiner, Fort Myers, and Thomas M. Pflaum, Micanopy, for Appellees.
DAVIS, Judge.
Jami Carmona and Evangelina Carmona appeal the trial court's final judgment in favor of Aida Carrion for injuries Carrion sustained in a two-car accident. The Carmonas raise two issues on appeal. First, the Carmonas argue that the trial court erred when it allowed certain testimony regarding their liability. Second, the Carmonas contend that the trial court erred when it gave the standard jury instruction on aggravation of existing injuries. We find the first issue lacks merit, and affirm the trial court's adjudication of liability without discussion. However, because we conclude that the erroneous jury instruction might have reasonably confused or misled the jury, we reverse for a new trial to determine the proper amount of damages.
Following an automobile accident in which Aida Carrion's vehicle struck Jami Carmona's vehicle, Aida Carrion complained of injuries to her neck and back. At trial, Carrion presented expert testimony from a treating physician as to the nature and extent of her injuries. When the Carmonas cross-examined Aida Carrion and her doctor, the Carmonas elicited details of a prior work-related injury Aida Carrion suffered four years prior to the auto accident. Although the two incidents were totally dissimilar, the cross-examination revealed that after the accident, Aida Carrion complained of symptoms similar to those resulting from her work-related injury.
Aida Carrion and her doctor testified that the injuries for which she sought compensation were not in any way related to the prior work-related injury. Additionally, the Carmonas presented their own medical expert, who agreed that Aida Carrion's current complaints were not related to the earlier work-related injury.
The Carrions objected to the admission of any testimony related to the prior work-related injury. In contrast, the Carmonas argued that Aida Carrion feigned the extent of her current injuries, and that the testimony regarding the prior work-related injury impeached her credibility. The trial court allowed the testimony, but advised the Carmonas that this testimony might open the door for an aggravation instruction.
At the conclusion of the trial, the Carrions requested the standard jury instruction on aggravation of pre-existing injuries. The trial court gave the instruction over the Carmonas' objection, that no evidence supported the instruction. The jury found Jami Carmona 100 percent liable for *339 the accident. The jury compensated Aida Carrion for her past medical expenses and past lost wages. After finding a permanent injury, the jury also awarded Aida Carrion damages for past pain and suffering. Curiously, the jury also returned a zero verdict for future medical expenses, future lost wages, future pain and suffering, and Emilio Carrion's alleged loss of consortium.
A trial court cannot give a particular jury instruction on an issue unless material record evidence supports that instruction. See Winn-Dixie Stores, Inc. v. Nall, 302 So.2d 781, 781-82 (Fla. 3d DCA 1974). The trial court erred in giving the aggravation instruction. The record contains no evidence supporting such an instruction. Rather, the jury heard specific, direct evidence from both Aida Carrion's expert and the Carmonas' expert that Aida Carrion's injuries were in no way related to the prior incident.
Although the trial court erred in giving the standard aggravation instruction, the error would be harmless unless the instruction may reasonably have confused or misled the jury. See Metropolitan Dade County v. Brill, 414 So.2d 626, 626 (Fla. 3d DCA 1982). Based on our review of the evidence and the jury's verdict, we cannot say that the error was harmless. We cannot determine whether the aggravation instruction influenced the jury in deciding the amount of damages to be awarded. Accordingly, we reverse, and remand for a new trial on damages. Since Emilio Carrion did not appeal the jury's zero verdict on his consortium claim, the new trial will consider only the proper amount of Aida Carrion's damages.
Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
WHATLEY, A.C.J., and CASANUEVA, J., Concur.