STONE, J.
In this wrongful death action, Barbara Dourado, individually and as personal representative of her husband’s estate, appeals a judgment entered against Ford Motor Company for the design of a defective seat belt that contributed to the death of her husband. Although she prevailed against Ford at trial, she appeals the award of damages, advancing three separate arguments. We affirm.
Dourado first argues that D’Amario v. Ford Motor Co., 806 So.2d 424 (Fla.2001), should apply retroactively, even though Dourado’s case was pending on appeal at the time the decision was filed by the supreme court. While we agree that D Amaño has retroactive effect, we cannot apply it to the instant case because Doura-do did not preserve the issue for appeal. Under the standard set out in Hoffman v. Jones, 280 So.2d 431 (Fla.1973), Dourado’s failure to object to the application of comparative negligence with requisite specificity precludes our review of the issue she raises for the first time in this appeal. See also Smith v. State, 598 So.2d 1063, 1066 (Fla.1992)(“To benefit from the change in law, the defendant must have timely objected at trial if an objection was required to preserve the issue for appellate review.”); St. Louis & S.F.R. Co. v. Wilson, 338 So.2d 192 (Fla.1976); CNA Ins. v. Minton, 334 So.2d 257 (Fla.1976).
As to Dourado’s claim that the trial court erred in failing to admit certain medical bills, we also affirm. The Wrongful Death Act, sections 768.21(5) and (6)(b), Florida Statutes, does not authorize the admission of evidence of medical expenses not charged against the estate or paid by or on behalf of the decedent as proof of economic loss. We note that the First District, in Horton v. Channing, 698 So.2d 865 (Fla. 1st DCA 1997), considered a similar set of facts involving a wrongful death action. There, the First District held that it was error to admit evidence of medical expenses in excess of those expenses chargeable against the decedent’s estate by Blue Cross. Id. at 869. Here, it is undisputed that no claim was being made by the hospital in excess of sums payable by the decedent’s insurance. Thus, the court properly excluded evidence of economic loss in excess of the sums paid or owed to the hospital.
We also find no abuse of discretion in the trial court’s rejecting Dourado’s mo *915 tion for additur. The damage award at issue was not “so inadequate as to shock the conscience of the court.” Aurbach v. Gallina, 721 So.2d 756, 758 (Fla. 4th DCA 1998)(noting that trial court may not sit as seventh juror, substituting its findings with those of the jury).
Accordingly, we affirm all points raised in this appeal.
GROSS, J., and STERN, KENNETH, Associate Judge, concur.