993 So.2d 557 (2008)
Orin ROSENFELD, as Personal Representative of the Estate of Veronica Rosenfeld, deceased, and on behalf of Arden Rosenfeld and Orin Rosenfeld, the survivors of Veronica Rosenfeld, Appellant,
v.
Ronald SELTZER, Appellee.
No. 4D07-1995.
District Court of Appeal of Florida, Fourth District.
October 15, 2008.
Rehearing Denied November 26, 2008.
*558 Joel S. Perwin of Joel S. Perwin, P.A., Miami, and Terri Meyers of Kluger Peretz, et al., Boca Raton, for appellant.
G. Jeffrey Vernis, Carlton A. Bober and Karen M. Nissen of Vernis & Bowling of Palm Beach, P.A., North Palm Beach, for appellee.
WARNER, J.
The parents of a deceased minor child appeal a jury verdict and resulting final judgment in favor of the operator of the motor vehicle involved in the auto accident which took the child's life. They claim that the trial court erred in instructing the jury on section 316.130(8), Florida Statutes, which provides: "No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a *559 vehicle which is so close that it is impossible for the driver to yield." Although this instruction cannot apply to a two-year-old child, the error in giving the instruction is harmless in this case because of the jury's verdict finding the defendant not negligent. We therefore affirm.
This sad accident occurred when two-year-old Veronica Rosenfeld was walking with her mother down the sidewalk of their neighborhood. Her mother stopped briefly to talk with neighbors. Veronica continued down the sidewalk. Appellee, Mr. Seltzer, was backing out of his driveway and ran over Veronica, causing her death.
Mr. and Mrs. Rosenfeld filed suit against Mr. Seltzer, alleging that he was negligent in the operation of his vehicle. At trial, each side presented expert testimony regarding whether Mr. Seltzer operated his car in a reasonable manner. The Rosenfelds' expert testified that Mr. Seltzer could have avoided the accident had he taken certain steps which the expert enumerated. According to the expert, Mr. Seltzer failed to take any of these steps.
Mr. Seltzer's expert testified that Mr. Seltzer's actions were reasonable and did not contribute to the accident. He looked carefully through his side and rearview mirrors before slowly backing down the driveway. Veronica would have been visible to Mr. Seltzer for only six-tenths of a second to 1.3 seconds, depending on her speed. She was thirty-four inches tall, while the vehicle's rear bumper was thirty-seven inches high. Thus, once she was behind the bumper, Mr. Seltzer could not see her.
At the charge conference, the Rosenfelds requested the court to read section 316.125(2), Florida Statutes, regarding the duty of a motorist to stop when exiting a driveway along a sidewalk, and to read Florida Standard Jury Instruction (Civil) 4.12 which provides that a motorist must exercise care when aware of the presence of children. Over Mr. Seltzer's objections, the court held that both instructions would be read to the jury. At the court's direction, Mr. Seltzer drafted an instruction meant to balance the standard jury instruction and explain to the jury a parent's obligation to supervise his or her child.
Mr. Seltzer also requested the instruction which gave rise to the present appeal, namely, section 316.130(8), Florida Statutes, which provides: "No pedestrian shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield." Over the Rosenfelds' objection that this jury instruction could not apply to a child Veronica's age, the court agreed to give it.
In addition to the foregoing instructions, the court concluded with standard negligence and damage instructions and submitted the case to the jury. The jury returned a verdict finding no negligence on the part of Mr. Seltzer. The Rosenfelds timely moved for a new trial, alleging as error the court's instruction to the jury on section 316.130(8), Florida Statutes. The court denied the motion, prompting this appeal.
The Rosenfelds argue that section 316.130(8) was legally erroneous when applied to a two-year-old child, because a two-year-old cannot be found to be negligent. In Swindell v. Hellkamp, 242 So.2d 708 (Fla. 1970), the supreme court held as a matter of law that a child under the age of six, who ran into the path of an automobile and was injured, could not be contributorily negligent because a child does not have the capacity to exercise "reasonable care" so as to hold the child responsible for his or her own acts. This applies to a claim of comparative negligence as well. *560 See Lindenfield v. Dorazio, 606 So.2d 1255, 1257-58 (Fla. 4th DCA 1992).
Here, the trial court instructed the jury that a violation of section 316.130(8), which would place a duty of care on the child, was evidence of negligence even though the foregoing cases would not permit a child to be comparatively negligent. This was error. However, the question is whether it was harmless error, given the jury's finding of no negligence on the part of Mr. Seltzer. We cannot conclude that this error requires reversal.
Appellants look to Swindell and Clark v. Lowe, 261 So.2d 567 (Fla. 4th DCA 1972), for support that the erroneous jury instruction requires a new trial. In Swindell, the court held that the giving of a contributory negligence instruction was harmless error, where there was no evidence of negligence on the part of the defendant. 242 So.2d at 711. Clark, on the other hand, held that a contributory negligence instruction involving a child was error, where there was some evidence of the defendant's negligence. 261 So.2d at 569. These cases, however, were decided prior to the rejection of contributory negligence in favor of comparative negligence in this state. See Hoffman v. Jones, 280 So.2d 431 (Fla.1973).
Under contributory negligence, a defendant could be found not negligent if a plaintiff was negligent to any degree, and the jury was so instructed. An erroneous instruction on the plaintiff's own negligence, therefore, could result in a verdict for the defendant. Under comparative negligence, however, the jury is not instructed to absolve the defendant of negligence based upon the plaintiff's negligence but to weigh the evidence of both and provide for a proportionate recovery based upon the defendant's percentage of negligence. The jury is instructed first to determine whether the defendant is negligent and a legal cause of the injuries to the plaintiff. If that question is answered in the affirmative, then the jury determines whether the plaintiff is also negligent. Because the assessment of the plaintiff's negligence occurs after the jury assesses the defendant's negligence, an erroneous instruction about a plaintiff's own negligence would not affect the jury's determination of the defendant's negligence.
"[J]uries are presumed to follow the instructions given them." Carter v. Brown & Williamson Tobacco Corp., 778 So.2d 932, 942 (Fla.2000). That being the case, the jury would not have considered the negligence of the child unless it first found negligence of Mr. Seltzer, which it failed to do. Because the jury did not reach the question of comparative negligence, any error in the giving of the instruction on section 316.130(8) was harmless. See, e.g., Aetna Cas. & Sur. Co. v. Seacoast Transp. Co., 528 So.2d 480, 481 (Fla. 3d DCA 1988) (trial court's comparative negligence instruction in negligence action was harmless error where jury returned special verdict finding no negligence on defendant's part); Kinya v. Lifter, Inc., 489 So.2d 92, 94 (Fla. 3d DCA 1986) (failure to give concurring cause instruction harmless error where jury never reached the issue); McDaniel v. Prysi, 432 So.2d 174, 175 (Fla. 2d DCA 1983) (no prejudice in personal injury action when court gave improper cautionary instruction and jury never reached the issue).
The Rosenfelds also claim that the verdict finding no negligence on the part of Mr. Seltzer was against the manifest weight of the evidence. We have reviewed the conflicting evidence presented and affirm the trial court's denial of a new trial on this ground as well.
Affirmed.
TAYLOR, J., concurs.
POLEN, J., dissents with opinion.
*561 POLEN, J., dissenting.
I respectfully dissent. The majority holds that the trial court erred in giving a jury instruction based upon section 316.130(8), Florida Statutes, which would suggest the jury could consider comparative negligence of the two-year-old child/victim. I agree this was error, but disagree that a harmless error analysis could then be employed to affirm the defense verdict entered below.
Courts have repeatedly held where there is a likelihood jurors were misled or confused by the giving of erroneous instructions, the possibility that such confusion could spill over to other issues the jurors must determine could taint the entire verdict. Carmona v. Carrion, 779 So.2d 337 (Fla. 2d DCA 2000). Here, where the jury was instructed by the court that it could consider whether the child was negligent, I could not say with confidence that the jury was not misled or confused in finding no negligence on the part of the defendant driver in the first place.
Keep in mind, also, the case law is clear that the appellate court need not determine the jury was in fact confused or misled  only that the erroneous instruction could reasonably have led to that result. Goldschmidt v. Holman, 571 So.2d 422 (Fla.1990); Florida Power & Light Co. v. McCollum, 140 So.2d 569 (Fla. 1962); Gross v. Lyons, 721 So.2d 304 (Fla. 4th DCA 1998). I would reverse and remand for a new trial.